UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
DWIGHT THOMAS,                         :   11 Civ. 0578 (PAC)(JCF)
                                       :
            Plaintiff,                 :
                                       :          REPORT AND
      - against -                      :          RECOMMENDATION
                                       :
THE CITY OF NEW YORK, NEW              :
YORK CITY POLICE DEPARTMENT,           :
                                       :
            Defendants.                :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE PAUL A. CROTTY, U.S.D.J:

      Dwight Thomas brings this action pro se pursuant to 42 U.S.C.
§ 1983 against the City of New York (the "City") and the New York
City Police Department (the "NYPD"), alleging violations of his
constitutional rights in connection with his arrest and ensuing
criminal prosecution.    The plaintiff contends that (1) the
defendants violated his Fourth Amendment rights by arresting him
without probable cause, (2) the defendants violated his Fourth
Amendment rights by maliciously prosecuting him, and (3) the
defendants violated his Eighth and Fourteenth Amendment rights.
The plaintiff seeks $5 million in compensatory damages, and $2
million in punitive damages.    The defendants now move for summary
judgment pursuant to Rule 56 of the Federal Rules of Civil
Procedure.    For the reasons that follow, I recommend that the
defendants' motion be granted.

Background

At approximately 9 a.m. on January 27, 2009, Police Officer Helder Santos was driving north on Madison Avenue toward East 100th Street in Manhattan. (Trial Transcript ("Tr."), attached as part of Exh. C to Declaration of Camiel Richards dated May 31, 2012 ("Richards Decl.") at 4). Two women, including one identified as T.R.[1], flagged Officer Santos down. (Tr. at 4). According to Officer Santos, T.R. "was in pain [and] was hunched over. She looked upset, disheveled." (Tr. at 5). Officer Santos could not understand what she was yelling at first because she was crying. (Tr. at 5). T.R. walked towards Officer Santos and yelled "I was raped." (Tr. at 6).

Officer Santos tried to calm T.R. down because she was upset and "hysterical." (Tr. at 6-7, 27). He then radioed for assistance. (Tr. at 7). Four officers arrived on the scene shortly thereafter, including Officer Santos' supervisor, Sergeant Cina. (Tr. at 9).

Officer Santos continued interviewing T.R. She told him that the person who raped her was named "Sunday," and that she did not know his real name. (Tr. at 8, 30). T.R. described Sunday as "a

---

[1] The complaining victim's name has been partially redacted in all criminal and civil proceedings arising out of these facts to protect her privacy interest.

2

tall, black male, who had a bald head" and tattoos. (Tr. at 8, 257). She claimed that Sunday had raped her for more than six hours and held a knife and a pair of scissors to her neck. (Tr. at 7-8). T.R. also pointed to a nearby building, 55 East 99th Street, and indicated that the alleged rape happened in apartment 13E; she claimed that Sunday was still in that apartment. (Tr. at 8). While Officer Santos took T.R. to the hospital (Tr. at 9-10), Sergeant Cina went to apartment 13E. (Tr. at 257). The plaintiff answered the door of the apartment and identified himself as Sunday (Tr. at 258).

Sergeant Cina handcuffed Mr. Thomas and then entered the apartment (Tr. at 259). In one bedroom, Sergeant Cina found a pair of scissors on top of a dresser. (Tr. at 260). Mr. Thomas was subsequently arrested and charged with Rape in the First Degree and Criminal Sexual Act in the First Degree. (Criminal Complaint, attached as Exh. E to Richards Decl., at 1).

Mr. Thomas was indicted by a Grand Jury on two counts of Rape in the First Degree and three counts of Criminal Sexual Act in the First Degree. (Grand Jury Indictment, attached as Exh. F to Richards Decl.). At trial, Officer Santos testified about his encounter with T.R. (Tr. at 4-11, 26-31); Sergeant Cina then testified about his search of Sunday's apartment and his

observations of the victim.  (Tr. at 254-69).  T.R. also testified about the incident and her ongoing substance abuse problems.  (Tr. 105-07, 137-40).  After trial, a jury acquitted Mr. Thomas of all five counts of the indictment.  (Certificate of Disposition Acquittal, attached as Exh. G to Richards Decl.).

On January 19, 2011, Mr. Thomas filed suit against New York City and the New York City Police Department under 42 U.S.C. § 1983. (Plaintiff's Complaint ("Complaint") at 1).  He asserts that the defendants violated his Fourth, Eighth, and Fourteenth Amendment rights.  (Complaint at 2).  Specifically, the plaintiff alleges false arrest and malicious prosecution arising out of his arrest.  (Complaint at 3).  He is seeking $5 million in compensatory damages and $2 million in punitive damages. (Complaint at 4).

Discussion

The defendants now move for summary judgment on the grounds that (1) the New York City Police Department is not a suable entity; (2) the plaintiff's claims of false arrest and malicious prosecution are meritless; and (3) the City is not liable for the acts of Officer Santos, Detective Cina, and the prosecutors.

A. <u>Summary Judgment Standard</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  <u>Marvel Characters, Inc. v. Simon</u>, 310 F.3d 280, 285-86 (2d Cir. 2002) (citing former Rule 56(c)); <u>see also</u> <u>Andy Warhol Foundation for the Visual Arts, Inc. v. Federal Insurance Co.</u>, 189 F.3d 208, 214 (2d Cir. 1999) (internal quotation marks omitted).  The moving party bears the initial burden of identifying "the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The opposing party then must come forward with "specific facts showing that there is a genuine issue for trial."  <u>Id.</u> at 324 (internal quotation marks omitted).  Where the nonmovant fails to make "a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted. <u>Id.</u> at 322.

In assessing the record to determine whether there is a genuine issue of material fact, the court must resolve all

ambiguities and draw all factual inferences in favor of the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Vann v. City of New York</u>, 72 F.3d 1040, 1048-49 (2d Cir. 1995). Furthermore, 1it is "well settled that <u>pro</u> <u>se</u> litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" <u>Green v. United States</u>, 260 F.3d 78, 83 (2d Cir. 2001) (quoting <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996)). Nevertheless the court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," <u>Anderson</u>, 477 U.S. at 249 (citation omitted), and grant summary judgment where the nonmovant's evidence is conclusory, speculative, or not significantly probative. <u>Id.</u> at 249-50. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Matsushita Electric Industrial Co. v. Zanith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (quoting <u>First National Bank of Arizona v. Cities Service Co.</u>, 391 U.S. 253, 288 (1968)).

In addition, a party may object if the material supporting or disputing a fact cannot be presented in an admissible form. <u>See</u> Fed. R. Civ. P. 56(c)(2). Accordingly, "only admissible evidence

need be considered by the trial court in ruling on a motion for summary judgment." Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997).

B. Rights Under Section 1983

1Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979).  Section 1983 provides:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law[.]

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylaq, 188 F.3d 51, 53 (2d Cir. 1999).

C. Plaintiff's Suit Against the NYPD

Before reaching the merits of the plaintiff's claims against the City, his suit against the NYPD must be dismissed.  The New

York City Charter reads, "All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not in that of any agency . . . ." New York City Charter § 396. It is well settled that "Section 396 of the [City] Charter has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." Ximines v. George Wingate High School, 516 F.3d 156, 160 (2d Cir. 2008). The NYPD, therefore, is not a suable entity. See Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007); Davis v. City of New York, No. 00 Civ 4309, 2000 WL 1877045, (S.D.N.Y. Dec. 27, 2000).

D. Illegal Arrest Claim

The plaintiff claims that his Fourth Amendment rights were violated because the NYPD falsely arrested him. (Complaint at 3). Liberally construed, his complaint argues that Mr. Thomas was unreasonably seized without probable cause.

Under federal law, police have probable cause to arrest a suspect when there is "a reasonable [factual] ground for belief of guilt" and "more than a bare suspicion . . . that an offense has been or is being committed." Brinegar v. United States, 338 U.S. 160, 175-76 (1949); see also Maryland v. Pringle, 540 U.S. 366, 370 (2003) (probable cause standard protects citizens against

8

"unfounded charges of crime"); <u>United States v. Valentine</u>, 539 F.3d 88, 93 (2d Cir. 2008) ("mere suspicion is not enough").  This standard "is fluid and contextual, [so] a court must examine the totality of the circumstances of a given arrest." <u>United States v. Delossantos</u>, 536 F.3d 155, 159 (2d Cir. 2008).  Furthermore, "these circumstances must be considered from the perspective of a reasonable police officer in light of his training and experience." <u>Id.</u>

Based on the totality of the circumstances, Sergeant Cina had probable cause to arrest Mr. Thomas.   T.R.'s description of "Sunday" exactly matched the plaintiff.  He was in the apartment to which the victim pointed, his physical appearance matched her description, and he identified himself by the same name that T.R. gave.  (Tr. at 257-58).  Although, "[i]t has long been established [] that when [a] description could have applied to any number of persons and does not single out the person arrested, probable cause does not exist," <u>Jenkins v. City of New York</u>, 478 F.3d 76, 90 (2d Cir. 2007), here it is unlikely that the victim's description could have applied to anyone besides Mr. Thomas.

Furthermore, there was no reason to doubt the veracity of T.R.'s claims at the time.  When Officer Santos came upon T.R., she was "in pain," "hunched over," "upset, [and] disheveled," and she

alleged that she had been raped. (Tr. at 5-6). Sergeant Cina also saw that T.R. was "crying and distraught." (Tr. at 256). T.R.'s account was further corroborated by the discovery of a pair of scissors -- that she claimed had been used during the rape -- on a dresser in Mr. Thomas' apartment. (Tr. at 260). Regardless of the jury's determination concerning the victim's credibility, there was clear probable cause at the time of arrest. Therefore, the defendants are entitled to summary judgment on the plaintiff's false arrest claim.

    E.  <u>Malicious Prosecution Claim</u>

Mr. Thomas also claims that the City violated his Fourth Amendment rights by maliciously prosecuting him. (Complaint at 3). Liberally construed, his complaint argues that the City acted with malice in continuing to prosecute him instead of dropping criminal charges.

"The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person." <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 116 (2d Cir. 1995). Though the Constitution does not specifically enumerate a right not to be maliciously prosecuted, the "[c]ommon-law cause of action for malicious prosecution provides the closest analogy to [Fourth Amendment] claims" under § 1983. <u>Heck v.</u>

Humphrey, 512 U.S. 477, 484 (1994).  To make out a cause of action

for malicious prosecution under Section 1983, a plaintiff must

establish:

> (1) the initiation or continuation of a criminal
> proceeding against plaintiff, (2) termination of that
> proceeding in plaintiff's favor, (3) lack of probable
> cause for the commencement of the proceeding, and (4)
> actual malice as the motivation for defendants' actions.

Rounseville v. Zahl, 13 F.3d 625, 628 (2d Cir. 1994); Minter v.

County of Westchester, No. 08 Civ. 7726, 2011 WL 856269, at *9

(S.D.N.Y. Jan. 20, 2011) (citations omitted).  The plaintiff cannot

satisfy the Rounseville standard.  He has brought forth no evidence

that the City pressed its case due to "actual malice" rather than

an honest belief in his guilt.  Furthermore, the Grand Jury

indictment against Mr. Thomas created a "presumption of probable

cause" to prosecute.  Savino v. City of New York, 331 F.3d 63, 68

(2d Cir. 2003).  Yet the plaintiff has proffered no evidence to

cast doubt on the validity of the indictment and rebut this

presumption.[2]  Because Mr. Thomas cannot satisfy two prongs of the

Rounseville standard, the defendants should be granted summary

judgment on his malicious prosecution claim.

---

[2]   Supreme Court Justice Maxwell Wiley also held the integrity of
the Grand Jury unimpaired.  (Transcript of Pre-Trial Proceedings,
attached as part of Exh. C to Richards Decl., at 8-10).

F.  <u>Plaintiff's Other Constitutional Claims</u>

Mr. Thomas also alleges that the City violated his Eighth and Fourteenth Amendment rights. (Complaint at 2). However, he states these claims in conclusory fashion and has not proffered any evidence to support them.

The Eighth Amendment prohibits "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners against "unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976). The plaintiff, however, has produced no evidence of any infliction of pain -- wanton or otherwise -- while in custody. Accordingly, the defendants should be granted summary judgment on the Eighth Amendment claim.

Furthermore, the defendants are entitled to summary judgment on the plaintiff's claim for denial of his Fourteenth Amendment rights. Liberally construed, the plaintiff's complaint alleges that he was arrested and prosecuted as a result of discrimination. However, "to establish an equal protection violation, plaintiffs must prove purposeful discrimination, <u>McCleskey v. Kemp</u>, 481 U.S. 279, 292 (1987), directed at an identifiable or suspect class." <u>Fernandez v. DeLeno</u>, 71 F. Supp. 2d. 224, 230 (S.D.N.Y. 1999) (citing <u>Giano v. Senkowski</u>, 54 F.3d 1050, 1057 (2d Cir. 1995)).

Yet, Mr. Thomas has proffered no evidence that suggests purposeful discrimination.

    G. Municipal Liability

    Even if the plaintiff could produce sufficient evidence to support his constitutional claims, the defendants still should be granted summary judgment because Mr. Thomas has not alleged any basis for holding the City liable.  In order to establish municipal liability for the purposes of a Section 1983 claim, the plaintiff must prove that the municipal employee who infringed his constitutional rights acted pursuant to the "government's policy or custom."  Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694 (1978).  However, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."  Ricciuti v. New York City Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991).  Instead, the plaintiff must at least proffer "circumstantial proof" of an official policy or "evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges that police officers had [violated] complainants' civil rights."  Id.

    Here, the plaintiff's allegations regarding the City are purely conclusory.  He alleges no specific facts regarding the

arrest or the prosecution that could lead a reasonable trier of fact to find him to be the victim of an official custom or policy. Therefore, the City is entitled to summary judgment because the plaintiff cannot establish municipal liability.

Conclusion

For the reasons above, I recommend that the defendants' motion for summary judgment be granted. Pursuant to 28 U.S.C § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul A. Crotty, Room 735, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          August 7, 2012

14

Copies mailed this date to:

Dwight Thomas
11-A-3356
Livingston Correctional Facility
P.O. Box 91, Rt. 36
Sonyea, New York 14556

Camiel S. Richards, Esq.
Special Assistance Corporation Counsel
100 Church Street
New York, New York 10007