```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  October16, 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DWIGHT THOMAS,                                   :
                                                 :
                               Plaintiff,  :         11 Civ. 0578 (PAC) (JCF)
                                                 :
       - against -                            :         ORDER ADOPTING REPORT
                                                 :         AND RECOMMENDATION
THE CITY OF NEW YORK, NEW YORK                   :
YORK CITY POLICE DEPARTMENT                      :
                                                 :
                              Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

       On January 19, 2011, pro se plaintiff Dwight Thomas ("Plaintiff"), brought this action against the City of New York (the "City") and the New York Police Department (the "NYPD," and, collectively, "Defendants"), pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that his constitutional rights were violated during an arrest and subsequent criminal prosecution. Specifically, Plaintiff alleges that Defendants (1) arrested him without probable cause; (2) maliciously prosecuted him, and (3) violated his Eighth and Fourteenth Amendment rights.[1] Plaintiff seeks $5 million in compensatory damages and $2 million in punitive damages.

       Defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56.  On August 8, 2012, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("R&R") recommending that Defendants' summary judgment motion be granted.  Plaintiff did not file any objections to the R&R, and thus "[t]he district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record."  Feehan v. Feehan, No. 09 Civ. 7016 DAB, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10,

---

[1] Plaintiff does not specify how his Eighth and Fourteenth Amendment rights were violated.

1

2011). The Court has reviewed the R&R and finds no clear error. Accordingly, as set forth below, the Court adopts Magistrate Judge Francis' recommendations.

## BACKGROUND

### I.   Facts[2]

On January 27, 2009, Police Officer Helder Santos was flagged down by two women as he drove north on Madison Avenue toward East 100th street. Officer Santos reported that one of the women, T.R.[3], "was in pain . . . [and] looked upset, disheveled." T.R. told Officer Santos that she had been raped. He attempted to calm T.R. down and called for assistance. Four additional officers arrived on the scene, including Officer Santos' supervisor, Sergeant Cina.

T.R. told the interviewing officers that a man known as "Sunday" had raped her. She described him as a tall, bald African-American male with tattoos. She further alleged that the rape took place for more than six hours, and that she had been threatened with a knife and a pair of scissors that were held to her neck. T.R. indicated that the attack occurred in a nearby building, 55 East 99th Street, in apartment 13E. She stated that Sunday was still there.

While Officer Santos escorted T.R. to the hospital, Sergeant Cina proceeded to the apartment, where he found Plaintiff, who identified himself as Sunday. Sergeant Cina inspected the apartment, wherein he found a pair of scissors located on a dresser in one of the bedrooms. Plaintiff was arrested and charged with Rape in the First Degree and Criminal Sexual Act in the First Degree.

A grand jury indicted Plaintiff on two counts of Rape in the First Degree and three counts of Criminal Sexual Act in the First Degree. At trial, Officer Santos and Sergeant Cina testified regarding their interactions and observations of T.R. Sergeant Cina also testified about his

---

[2] All facts are taken from the R&R unless otherwise noted.
[3] The complaining victim's name has been partially redacted in all proceedings arising out of these facts to protect her privacy interest.

2

search of Plaintiff's apartment. T.R. testified about the incident as well as her substance abuse problems. A jury acquitted Plaintiff of all five counts of the indictment.

## II. Magistrate Judge Francis' R&R

### A. Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party "bears the initial burden of informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All ambiguities must be resolved in favor of the non-movant and all factual inferences must be drawn in their favor. Anderson, 477 U.S. at 255. Further, pro se litigants are generally entitled to a liberal construction of their pleadings. Green v. U.S., 260 F.3d 78, 83 (2d Cir. 2001). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv., 391 U.S. 253, 288 (1968)).

"To state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d. Cir 1999) (citing Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993)).

### B. Plaintiff's Suit Against the NYPD

Section 396 of the New York City Charter states that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." Pursuant to the City Charter, "the NYPD is a non-suable agency of the City." Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Plaintiff's claims against the NYPD are therefore dismissed.

### C. Illegal Arrest

Plaintiff contends that his Fourth Amendment rights were violated because he was arrested without probable cause. Law enforcement officers have probable cause when "'the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Brinegar v. U.S., 338 U.S. 160, 175-76 (1949) (quoting Carroll v. U.S., 267 U.S. 132, 162 (1925)).

Sergeant Cina had probable cause to arrest Plaintiff. When Officer Santos and Sergeant Cina spoke with T.R., she was in pain and clearly distressed, claiming that she had been raped. Plaintiff was located in the apartment T.R. alleged that the rape had occurred in, answered to the name "Sunday," and matched the physical description provided to the officers. T.R. stated that a pair of scissors had been used during the rape and Sergeant Cina found a pair of scissors on Plaintiff's bedroom dresser. The totality of the circumstances thus provided Sergeant Cina with probable cause. See U.S. v. Delossantos, 536 F.3d 155, 159 (2d Cir. 2008). The City is therefore entitled to summary judgment on the false arrest claim.

### D.  Malicious Prosecution

Plaintiff claims that he was maliciously prosecuted by the City, violating his "Fourth Amendment right to be free of unreasonable seizure of his person." Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 116 (2d Cir. 1995).  A malicious prosecution claim requires the plaintiff to establish "(1) the initiation or continuation of a criminal proceeding against plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) the lack of probable cause for commencing the proceeding, and (4) actual malice as the motivation for defendant's actions." Rounseville v. Zahl, 13 F.3d 625, 628 (2d Cir. 1994).

Plaintiff failed to establish two elements of his claim.  First, he put forth no evidence that suggested actual malice was the motivation for his prosecution.  Second, Plaintiff's "[i]ndictment before a grand jury creates a presumption of probable cause that may *only* be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" Savino v. City of New York, 331 F.3d 63, 68 (2d Cir. 2003) (quoting Colon v. City of New York, 60 N.Y.2d 78, 83 (1983)).  No such evidence was offered to rebut the presumption's application here.  Therefore the City's motion for summary judgment on the malicious prosecution claim is granted.

### E.  Other Constitutional Claims

Plaintiff alleges that the City violated his Eighth and Fourteenth Amendment rights.  The Eighth Amendment prohibits "cruel and unusual punishments," U.S. Cont. amend. VIII, and protects prisoners from "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976).  Plaintiff did not specify how these rights had allegedly been violated, nor has he offered any evidence to support this claim.  Summary judgment for the City is therefore granted on Plaintiff's Eigth Amendment claim.

Plaintiff similarly did not specify how his Fourteenth Amendment rights were allegedly violated. Magistrate Judge Francis construed Plaintiff's Fourteenth Amendment claim as alleging a violation of equal protection via discrimination. This would require Plaintiff to prove "purposeful discrimination directed at an identifiable or suspect class." Fernandez v. DeLeno, 71 F. Supp. 2d 224, 230 (S.D.N.Y. 1999) (citations omitted). Plaintiff has not offered any evidence to satisfy this requirement. The City is therefore entitled to summary judgment on Plaintiff's Fourteenth Amendment claim.

## CONCLUSION

For the foregoing reasons the Court adopts Magistrate Judge Francis' R&R and GRANTS Defendants' summary judgment motion. Pursuant to 28 U.S.C 1915(a), I find that any appeal from this order would not be taken in good faith. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
October 16, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies Mailed By Chambers To:

Dwight Thomas
11-A-3356
Livingston Correctional Facility
P.O. Box 91, Rt. 36
Sonyea, New York 14556